UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1030 |
| | ) | |
| CHRIS WATKINS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Sheridan Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for inhumane conditions of confinement arising from his detention at the Peoria County Jail. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 17). The motion is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**FACTS**[1]

Plaintiff filed this lawsuit on January 30, 2023, alleging that Peoria County Jail ("jail") was covered in mold, had bugs crawling out of the sinks, and standing water everywhere. (Doc. 1). The Court found that Plaintiff stated a Fourteenth Amendment inhumane conditions of confinement claim. (Doc. 7).

Detainees may file a grievance at the jail if they are complaining "that services are substandard or that a rule, regulation, or officers' conduct is improper." UMF 11. Jail rules require an inmate to file a grievance via the kiosk system within five days of the events in question. *Id.* A detainee who is not satisfied with a jail official's response may appeal the grievance "by submitting a kiosk grievance" within five days of the response asking the Correctional Superintendent to review the answer. *Id.* If still not satisfied, the detainee "shall forward his or her complaint to the Illinois Office of Jail and Detention Standards." *Id.*

Plaintiff filed a grievance dated January 19, 2023, raising some of the conditions at issue in this lawsuit. (Doc. 21-2 at 4). A jail official's response dated February 2, 2023, states "answered previously." *Id.* The other grievances in the record are not relevant to Plaintiff's claims. *Id.* at 1-3.

---

[1] Plaintiff did not respond to Defendant's motion for summary judgment despite being warned of the consequences for failure to do so. The Court considers the facts asserted in Defendant's motion as undisputed for purposes of this ruling. Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a detainee failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a detainee must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

The PLRA requires only that inmates exhaust available remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). A formal grievance process is unavailable when the process: (1) "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

The jail's grievance rules do not require that Plaintiff identify the specific officials responsible for the conditions at issue, and any argument that Plaintiff failed to name Defendant Watkins in the January 2023 grievance is not sufficient to warrant summary judgment. Plaintiff, however, filed this lawsuit prior to receiving a response from jail officials, and his failure to let the process play out before filing this lawsuit is fatal to his claims. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004). The Court finds that Plaintiff failed to exhaust all available administrative remedies prior to filing suit.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment [19] is GRANTED. This case is dismissed without prejudice. The clerk of the court is directed to enter judgment in favor of Defendant and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 10th day of October, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE